**STERNS & WEINROTH,**
A Professional Corporation
50 West State Street, Suite 1400
Trenton, New Jersey 08608
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs Inverness Medical Innovations, Inc.,
and Inverness Medical Switzerland GmbH*

**PROSKAUER ROSE LLP**
One Newark Center, 18th Floor
Newark, New Jersey 07102
Telephone: (973) 274-3200
*Attorneys for Plaintiff Church & Dwight Co., Inc.*

**TOMPKINS, MCGUIRE, WACHENFELD & BARRY, LLP**
Four Gateway Center
100 Mulberry Street, Suite 5
Newark, New Jersey 07102-4070
Telephone: 973.623.7893
Facsimile: 973.623.7682
*Attorneys for Defendant OraSure Technologies, Inc.*



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVERNESS MEDICAL INNOVATIONS, INC., INVERNESS MEDICAL SWITZERLAND GmbH and CHURCH & DWIGHT CO., INC.<br><br>Plaintiffs,<br><br>v.<br><br>ORASURE TECHNOLOGIES, INC.<br><br>Defendant. | **DOCUMENT FILED ELECTRONICALLY**<br><br>Civil Action No. 3:08-cv-01856-GEB-JJH<br><br>**STIPULATION AND DISCOVERY CONFIDENTIALITY ORDER** |

### ~~PROPOSED~~ DISCOVERY CONFIDENTIALITY ORDER

I.  Findings Supporting Entry of a Discovery Confidentiality Order

Plaintiffs, Inverness Medical Innovations, Inc., Inverness Medical Switzerland GmbH

(collectively "Inverness") and Church & Dwight Co., Inc. ("Church & Dwight") and Defendant

{00095764;v1} 1

sd-438506

OraSure Technologies, Inc. ("OraSure" or "Defendant") (collectively referred to herein as the "Parties"), have determined that certain documents and information encompassed by discovery demands made in this action should be kept confidential in order to protect the legitimate business interests of the Parties and their customers, business partners and other nonparties to this action. The Parties therefore respectfully request that the following Discovery Confidentiality Order (the "Protective Order") be entered pursuant to Federal Rule of Civil Procedure 26(c) to govern the exchange of discovery materials that the Parties regard as confidential.

In support of this request, and pursuant to Local Civil Rule 5.3(b)(2), each party has submitted an affidavit by a corporate representative that explains why he or she believes this Protective Order is necessary. The individuals who have submitted such an affidavit are Paul Hempel, on behalf of Inverness, Stephen B. Shear on behalf of Church & Dwight, and Jack Jerrett on behalf of OraSure.

Given the nature of the claims and defenses asserted by the Parties in this patent infringement dispute, discovery will necessarily focus upon several areas of a sensitive, proprietary nature, such as the Parties' respective research and development efforts, as well as financial information. Many documents concerning these subjects contain confidential proprietary information and trade secrets. Because disclosure of such material poses a substantial risk of causing harm to the Parties' respective competitive positions, the Parties have reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1994), good cause exists for entry of this Protective

sd-438506

{00095764;v1}2

Order. The nature of the case requires the Parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses substantial risk of harm to the producing party's legitimate business and proprietary interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive information.

II.     Protective Order

**WHEREAS**, the Parties recognize that certain information, documents and things of the Parties and of third parties, subject to pleading, discovery or disclosure in this action, may be claimed to be or contain trade secrets or other confidential, proprietary commercial information; and

**WHEREAS**, each of the foregoing parties believes that it would serve its interest to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the Parties, through counsel, stipulate that the good cause standard set forth in Pansy v. Borough of Stroudsburg, 23 F.3d 773 (3d Cir. 1994) exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS** on this ___9th___ day of ___September___ 2008;

**ORDERED** that:

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this Action and within the possession, custody or control of Inverness, Church & Dwight, OraSure, or their related entities, and believed by a party or its related entity or nonparty to contain trade secrets or other confidential research, development and/or commercial information within the meaning of Rule 26(c) (hereafter "Confidential Materials"), including, without limitation, testimony adduced at deposition upon oral examination or upon written

questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission, or information disclosed pursuant to subpoena under Fed. R. Civ. P. 45.

As used herein, "Action" shall mean this litigation, any other litigation between the parties, and any adjunct subpoena proceedings incident hereto before any other tribunal. Confidential Materials shall include all information, documents, and things referring or relating to the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

2.  In determining the scope of information which a party may designate as its Confidential Material, each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (1) to impose burden or delay on an opposing party, (2) for tactical or other advantage in litigation, or (3) in order to avoid embarrassment.

3.  Nothing in this Stipulation and Protective Order shall preclude any party from disclosing or using, in any matter or for any purpose, any information which: (i) is public knowledge; (ii) was lawfully in the receiving party's possession prior to being designated as Confidential Material in this litigation; or (iii) was obtained from a third party having the apparent right to disclose such information without restriction or obligation of confidentiality.

4.  The producing party shall label or mark each document and thing that it deems to be Confidential Material with the following term:

**"CONFIDENTIAL"**

5.  The parties may further designate as "CONFIDENTIAL—LEVEL II" those

Confidential Materials that contain confidential information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized party, including, without limitation, technical, research and development, and financial information. This designation shall be made in good faith. The parties shall label or mark each such document and thing with the following term:

**"CONFIDENTIAL—LEVEL II"**

The designation "Confidential–Attorneys' Eyes Only" shall have the same meaning and be interchangeable with the designation "Confidential–Level II."

6. The parties may further designate as "RESTRICTED CONFIDENTIAL—LEVEL III" those Confidential Materials which constitute or relate to (1) pending patent applications (2) research and development activities for future products; and (3) future plans including future marketing plans, financial strategies and projections. This designation shall be made in good faith and shall be limited to those materials described in this paragraph. The parties shall label or mark each such document and thing with the following term:

**"RESTRICTED CONFIDENTIAL—LEVEL III"**

7. The labeling or marking of a document with the designation "CONFIDENTIAL," "CONFIDENTIAL—LEVEL II" or "RESTRICTED CONFIDENTIAL—LEVEL III" shall be made when a copy of the document or thing is provided to the receiving party. Any such designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "CONFIDENTIAL," "CONFIDENTIAL—LEVEL II," or "RESTRICTED CONFIDENTIAL—LEVEL III," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the receiving party has

disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

8. In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL—LEVEL III" until the expiration of thirty (30) days after the deposition. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL—LEVEL II" or "CONFIDENTIAL – LEVEL III" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition. Upon the expiration of thirty (30) days after the deposition any part of the testimony not designated as Confidential Material shall be considered non-confidential and may be treated accordingly.

9. Information designated as "CONFIDENTIAL" shall be disclosed only to:

(a) the United States District Court for the District of New Jersey and its officers;

(b) counsel of record for Inverness, Church & Dwight and OraSure (including local and trial counsel), partners, associates and employees of counsel of record for Inverness, Church & Dwight and OraSure, including any member of the support staff assisting such counsel, independent legal translators retained by counsel of record to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action;

(c)   the following one in-house representatives and their respective secretarial, clerical and paralegal personnel:

**For Inverness:** John Nevard, Esq.

**For Church & Dwight:** Susan Goldy, Esq.

**For OraSure:** Jack Jerrett, Esq.

Additionally, each party reserves the right to name a substitute for the foregoing designations, upon prior written notice to counsel for all other parties to the above-captioned litigation. Within five (5) business days of receiving such notice, counsel for a party so notified may serve an objection and assert that the disclosure of Confidential Materials should not be made to the named individual. Upon such objection, Confidential Materials shall not be disclosed to the named individual absent agreement of the parties or further order of the Court. The party objecting to disclosure shall bear the burden of showing the need for precluding access. If no objection is made within five (5) business days of notification, the named individual may have access to the Confidential Materials subject to and in accordance with the terms of this Confidentiality Agreement.

(d)   the following corporate representatives as well as their secretarial and clerical personnel, provided that disclosure to such persons shall be made only on the conditions set forth in paragraph 14 below;

**For Inverness:** Ron Zwanziger, Ellen Chiniara, Balbir Raj and John Bridgen

**For Church & Dwight:** Albert Nazareth and Stacey Feldman

**For OraSure**: Ronald H. Spair, Douglas A. Michels and Stephen R. Lee.

Additionally, each party reserves the right to (a) designate one additional individual in this category and (b) name a substitute for any of the foregoing individuals, upon prior written notice to counsel for all other parties to the above-captioned litigation. Within five (5) business days of receiving such notice, counsel so notified may serve an objection and assert that the disclosure of Confidential Materials should not be made to the named individual. Upon such objection, Confidential Materials shall not be disclosed to the named individual absent agreement of the parties or further order of the Court. The party objecting to disclosure shall bear the burden of showing the need for precluding access. If no objection is made within five (5) business days of notification, the named individual may have access to the Confidential Materials subject to and in accordance with the terms of this Confidentiality Agreement.

(e) any independent experts or consultants engaged by counsel or the parties for the purpose of this litigation, including their secretarial and clerical personnel, provided that disclosure to such persons shall be made only on the conditions set forth in paragraph 14 below; and

(f) members of an independent data entry or data processing staff assisting in the development or use of data retrieval systems in connection with this action and retained by the parties or their attorneys, provided that disclosure to such data entry or data processing staff shall be made only on the conditions set forth in paragraph 14 below.

10. Documents marked "CONFIDENTIAL—LEVEL II" may be disclosed and disseminated only to the persons designated in paragraphs 9(a), 9(b), 9(e) and 9(f), but shall <u>not</u> be disseminated to persons identified in paragraph 9(c) unless the requirements of paragraph 11 are satisfied. Further, documents marked "CONFIDENTIAL—LEVEL II" shall <u>not</u> be disseminated to persons identified in paragraph 9(d).

11. Disclosure and dissemination of documents marked "CONFIDENTIAL—LEVEL II" to persons designated in paragraphs 9(c) will be made only under the following conditions:

    (a) One copy of any document marked "CONFIDENTIAL—LEVEL II" may be provided by the party receiving it to each of the individuals designated in paragraph 9(c) where such documents are made exhibits to, are referred to or are relied on in connection with any motions, briefs or other papers filed with the Court or served by the producing party in this action; and

    (b) Otherwise, individuals designated in paragraph 9(c) may only view materials marked "CONFIDENTIAL—LEVEL II" in the presence of outside counsel of record for the receiving party, and shall not be provided with or be permitted to create or remove copies of such documents, nor be provided with or be permitted to create or remove any summaries, abstracts, compilations, notes or any other type of memorial or record of such documents.

12. Documents marked "RESTRICTED CONFIDENTIAL—LEVEL III" may be disclosed and disseminated only to the persons designated in paragraphs 9(a), 9(b), 9(e) and 9(f). Documents marked "RESTRICTED CONFIDENTIAL—LEVEL III" shall <u>not</u> be disseminated to persons identified in paragraphs 9(c) or 9(d).

13. Any person who receives, sees, reviews, or otherwise has access to Confidential Materials of any party (whether designated CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL – LEVEL III) shall not use such Confidential Materials in the preparation or prosecution of any patent applications relating in any way to Test Products (defined as any product including but not limited to prototypes or tests or diagnostic products marketed to consumers or professionals such as infectious diseases tests and drugs of abuse tests, comprising a device or method for detecting the presence of analytes such as proteins, antibodies, antigens, narcotics, hormones, etc. in a liquid biological sample and utilizing an assay that includes a labeled reagent and a test strip).

14. Trial counsel desiring to disclose Confidential Materials to corporate representatives, experts or consultants specified in paragraph 9(d), 9(e), or 9(f) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such corporate representative, expert or consultant, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed undertaking shall be forwarded to opposing counsel with the current curriculum vitae for such corporate representative, expert or consultant. No Confidential Materials shall be disclosed to such corporate representative, expert or consultant until after the expiration of a ten (10) business day period commencing with the receipt by opposing counsel of a copy of the proposed undertaking and curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Confidential Materials to such corporate representative, expert or consultant, except by mutual agreement of the parties or further order of the Court. Unless the party sending a proposed undertaking and curriculum vitae pursuant to this paragraph has reason to believe they were not received by opposing counsel, the

documents shall be deemed received upon transmission of such documents via electronic mail, as per the Scheduling Order.

15. The restrictions on the use of CONFIDENTIAL, CONFIDENTIAL—LEVEL II, or RESTRICTED CONFIDENTIAL—LEVEL III information established by this Protective Order are applicable only to the use of information received by a party from another party or from a nonparty. A party is free to us its own information as it pleases.

16. Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II, or RESTRICTED CONFIDENTIAL—LEVEL III. Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL—LEVEL III material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal. Filing or lodging such information or items under seal shall be made in compliance with Local Civil Rule 5.3.

17. The acceptance by a party of documents designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL—LEVEL III shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c), or some other basis. Documents designated CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL—LEVEL III shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court

determining that specified information or categories of information are not properly designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II, or RESTRICTED CONFIDENTIAL—LEVEL III, *provided that* prior to making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P.26 (c) or some other basis, or, as the case may be, that the designation of CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL—LEVEL III is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. Should any party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II, or RESTRICTED CONFIDENTIAL—LEVEL III, the claimed designation shall remain operative and respected by all the parties and non-parties pending the Court's ruling.

18. Nothing in this Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity or any other applicable privilege. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

19. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such

inadvertent production. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production. A party receiving written notice that documents or information have been inadvertently produced shall have ten (10) calendar days to either petition the Court for an Order compelling their production or to return all copies to the producing party. If the receiving party chooses to seek an Order compelling production of the inadvertently produced documents or information they may retain one copy of the materials in a sealed container in a secure location until such time as the Court rules on the motion, any additional copies shall be returned to the producing party on the 10th day. If the motion to compel is denied the receiving party shall return the one retained copy, in its sealed container, within three (3) business days of receiving notice of such denial. In moving to compel, the receiving party may only provide the date, the author(s)/sender(s), the recipient(s) including copy recipient(s), and the general subject matter of the document(s).

20. In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

21. The recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

22. This Protective Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

23. Confidential Materials shall be used solely for the purposes of this action, or any related action involving the parties to this action, subject to the provisions of this Protective Order and any further Order regarding confidentiality as the Court may enter. Confidential Materials shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

24. In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

25. Within sixty (60) days after the final conclusion of this action, including any appeals, all Confidential Materials produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Counsel of record may retain a copy of all correspondence,

pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda and work product.

26. This Protective Order shall survive the final termination of this action with respect to any retained Confidential Materials.

27. Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

28. Nothing in this Protective Order shall prohibit the disclosure of Confidential Material to the person or persons who authored the document or to whom the document was addressed or people copied thereon. In addition, a receiving party may use Confidential Materials during the deposition of any agents, employees, or other individuals offered as Rule 30(b)(6) deponents by the party producing the Confidential Material; in this event, however, the producing party may exclude certain individuals as set forth in paragraph 29 below. If a party objects to the use of any Confidential Material at the deposition of a representative designated pursuant to Rule 30(b)(6) it is that party's burden to identify the categories of Confidential Materials that the representative may not be shown at least ten (10) calendar days prior to the deposition or at the time that the witness is designated, whichever is later.

29. If a party wishes to use Confidential Material at the deposition of any witness not entitled to have access to such Confidential Material, such Party shall so obtain the consent of the party producing the Confidential Material, in advance, and the failure of the examining attorney to obtain such consent or order of the court shall not be grounds for delaying the

deposition or progress of the deposition, unless all persons attending the deposition consent. A party failing to reply to a request to consent to the disclosure of Confidential Material pursuant to this paragraph within three (3) business days of receiving such request shall be deemed to have given their consent. Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed.

30. No copy of any transcript of any deposition which is designated, in part or in whole, as CONFIDENTIAL, CONFIDENTIAL—LEVEL II, or RESTRICTED CONFIDENTIAL—LEVEL III in accordance with paragraphs 4 through 8 hereof shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition. The original of any transcript of any deposition designated as CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL—LEVEL III, if required to be filed, shall be filed with the Court under seal in accordance with paragraph 16 hereof, unless otherwise stipulated by Inverness, Church & Dwight, OraSure and counsel for a non-party, if the transcript is of the non-party's own deposition.

31. The terms of this Protective Order may be applied to the Confidential Materials of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Protective Order.

32. The Parties agree to abide by the terms of this Stipulation until this Order or a further protective order is entered by the Court. Upon the signing of this Order by the Court, this

sd-438506                                {00095764;v1} 16

Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.

_____          9/9/08
Hon. John J. Hughes, U.S.M.J.

Stipulated and Agreed to by:

Dated: 8/29/____, 2008        _____
                              Karen A. Confoy
                              **STERNS & WEINROTH,**
                              A Professional Corporation
                              50 West State Street, Suite 1400
                              Trenton, New Jersey 08608
                              Telephone: (609) 392-2100
                              Facsimile: (609) 392-7956

                              J. Anthony Downs
                              Lana S. Shiferman
                              **GOODWIN PROCTER LLP**
                              Exchange Place
                              Boston, MA 02109
                              (617) 570-1000
                              (617) 523-1231 (fax)

                              April E. Abele
                              **GOODWIN PROCTER LLP**
                              Three Embarcadero Center, 24th Floor
                              San Francisco, CA 94111
                              (415) 733-6000
                              (415) 677-9041(fax)

                              *Attorneys for Plaintiffs Inverness Medical*
                                  *Innovations, Inc., and Inverness Medical*
                                  *Switzerland GmbH*

Dated: 8/29____, 2008         _____
                              Wanda L. Ellert
                              **PROSKAUER ROSE LLP**
                              One Newark Center, 18th Floor
                              Newark, New Jersey 07102

{00095764;v1} 17

sd-438506

Telephone: (973) 274-3200

James H. Shalek
Baldassare Vinti
*PROSKAUER ROSE LLP*
1585 Broadway
New York, NY 10036-8299
(212) 969-3000

*Attorneys for Plaintiff Church & Dwight Co., Inc.*

Dated: August 29, 2008

William H. Trousdale
**TOMPKINS, MCGUIRE, WACHENFELD &
    BARRY, LLP**
Four Gateway Center
100 Mulberry Street, Suite 5
Newark, New Jersey 07102-4070
Telephone: 973.623.7893
Facsimile: 973.623.7682

David C. Doyle
Brian M. Kramer
Marc D. Sharp
**MORRISON & FOERSTER LLP**
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720 5100
Facsimile: 858.720.5125

*Attorneys for Defendant OraSure Technologies, Inc.*

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVERNESS MEDICAL INNOVATIONS, INC., INVERNESS MEDICAL SWITZERLAND GmbH and CHURCH & DWIGHT CO., INC.<br><br>          Plaintiffs,<br><br>  v.<br><br>ORASURE TECHNOLOGIES, INC.<br><br>          Defendant. | Civil Action No. 3:08-cv-01856-GEB-JJH |

## UNDERTAKING CONCERNING RECEIPT OF CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER

I, _____ declare that:

1. My present residential address is

   _____.

2. My present employer is _____

and the address of my present employer is

   _____.

3. My present occupation or job description is

   _____.

4. I have received and carefully read the Protective Order in this Action dated

_____, 2008, and understand its provisions. As a condition precedent to receiving any Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to the personal jurisdiction of this Court with respect to the enforcement of the provisions of the attached Protective Order. I understand that I am obligated, under Order of the Court, to hold in

{00095764;v1}1

sd-438506

...
...
...

confidence and not to disclose the contents of any document marked or later designated pursuant to the Protective Order as CONFIDENTIAL, CONFIDENTIAL—LEVEL II or RESTRICTED CONFIDENTIAL – LEVEL III to anyone other than those persons identified in paragraph 9 of the Protective Order to the extent that such persons are qualified to review such information. I further understand that I am not to disclose to persons other than those persons identified in paragraphs 9 or 10 of the Protective Order any words, substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to me. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5. At the termination of this action or at any time requested by counsel of record in this action, I will return to counsel of record in this action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Materials which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6. I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

7. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Executed on: _____   Name:_____